**Marian ROBERTSON, et al.**

v.

**PRINCE GEORGE'S COUNTY, MARYLAND, et al**

**No. CIV. JFM–01–1688.**

United States District Court, D. Maryland.

Aug. 28, 2002.

Sandy V. Lee, Blair and Lee PC, College Park, MD, for Plaintiff.

Krystal Quinn Alves, Office of Law for Prince George's County, Upper Marlboro, MD, John Anthony Bielec, United States General Accounting Office of the General Counsel Legal Services and Ethics, Washington, DC, Sean D. Wallace, Crystal Dixon Mittelstaedt, Upper Marlboro, MD, for Defendants.

## MEMORANDUM

MOTZ, District Judge.

Plaintiffs have instituted this action against Julio Zelaya, a Prince George's County police officer, and Prince George's County, asserting claims under 42 U.S.C. §§ 1983 and 1988.[1] Discovery has been

---

1. Plaintiffs also originally asserted state constitutional and common law claims. On September 17, 2001, I entered an order dismissing those claims because of plaintiffs' failure

completed, and defendants have now filed a motion for summary judgment. Their motion will be granted.

### I.

In their Complaint plaintiffs allege that Zelaya and unidentified officers unlawfully handcuffed and strip searched them in connection with a search of their home on June 9, 1998.[2] Discovery has established, however, that plaintiffs cannot meet their burden of proving that Zelaya either handcuffed or strip searched them. To the contrary, plaintiffs Marion Roberson and Nicole Roberson both testified on deposition that they do not recall Zelaya having been present in their home on June 9, 1998. Although plaintiff Gavin Roberson testified that he believes that Zelaya was there, he does not remember Zelaya having done anything to him. Further, Gavin Roberson has not averred that he observed Zelaya do anything to either of the other plaintiffs. Thus, Zelaya's own testimony that he did not enter plaintiffs' home on June 9, 1998 stands uncontradicted.

Plaintiffs also allege that Zelaya violated their Fourth Amendment rights by appearing at a condominium board meeting and urging that Ms. Roberson and her family be evicted because either she or her son was dealing drugs. Plaintiffs have cited no authority to establish that such testimony is violative of the Fourth Amendment or otherwise actionable under 42 U.S.C. § 1983. Moreover, defendants have submitted an affidavit from Constance Izlar, who states that if Zelaya made any statements, the condominium board did not rely upon them. Rather, the board voted to evict Ms. Roberson and her family based upon the complaints of other residents.

### II.

I will now address plaintiff's claim against Prince George's County. Discovery as to that claim has been stayed pending a ruling on whether plaintiffs have any viable claim against Zelaya. Ordering such a bifurcation is the usual practice followed by this court.

■ The court's practice is based upon the well established rule that a municipality cannot be liable under *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), unless the plaintiff can establish that an individual employee of the municipality has committed a constitutional violation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986); *Temkin v. Frederick County Commissioners*, 945 F.2d 716 (4th Cir. 1991); *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318 (D.Md.1991). Whether that rule in the present case would preclude plaintiffs from proceeding against the County on a claim under *Monell* is not clear. The cases enunciating the rule have arisen in the context where the only individual alleged to have committed a wrong against the plaintiff is named as a defendant and the individual defendant has succeeded in establishing (by summary judgment or at trial) that his actions did not violate the plaintiff's consti-

---

to provide the requisite notice under Maryland Code Ann., Cts. & Jud. Proc. Art. § 5–304(a). *See Bibum v. Prince George's County*, 85 F.Supp.2d 557 (D.Md.2000). Additionally, on November 27, 2001, I entered an order denying plaintiff's motion to amend the complaint to add Thomas Ebeler, another police officer, as a defendant because, in light of the fact that any claim plaintiff had against him would be time-barred, the amendment would be futile.

2. Plaintiffs also allege that the officers conducted an illegal search. However, any claim arising from that allegation is clearly without merit since the search was conducted pursuant to a facially valid warrant.

tutional rights. In contrast, here Zelaya has established that he took no action whatsoever against plaintiffs on June 9, 1998, and plaintiffs allege that officers other than Zelaya whom they cannot identify by name (because the officers shielded their badges and faces) violated their constitutional rights.[3]

█ I need not decide that question, however, because in this case plaintiffs have not actually asserted a *Monell*-type claim.[4] Although the County is named as a defendant in Count I asserting federal civil rights claims, the complaint contains none of the allegations required by *Monell* relating to unlawful policies and/or customs of the County. Rather, the allegations against the County relate only to alleged improper supervision and negligent hiring and training of Zelaya and other officers. These allegations are not sufficient to state a federal claim. Whether the allegations (that are incorporated by reference into the other counts setting forth Maryland's constitutional and common law claims) are sufficient to state a claim under state law is a question I need not decide. As I previously ruled on September 17, 2001, *see* footnote I *supra,* any state law claims are barred by plaintiffs' failure to comply with the notice requirements of Maryland law.

A separate order follows.

### ORDER

For the reasons stated in the accompanying memorandum, it is, this 28th day of August 2002

ORDERED

1. Defendants' motion for summary judgment is granted;

2. The prior rulings made by the court are incorporated by reference; and

3. Judgment is entered in favor of defendants against plaintiffs.

---

**3.** To a large extent, plaintiffs' dilemma is one of their own making. They did not file this action until one day before the statute of limitations ran. Therefore, they could not name "John Doe" defendants and subsequently substitute named officers for those defendants after learning through discovery the identity of the officers who were in their home on June 9, 1998. As I have previously ruled in denying plaintiffs' motion to add

Thomas Eveler as a defendant, any claim against a newly added defendant would not relate back under Fed.R.Civ.P. 15(c) and would therefore be barred by limitations.

**4.** I recognize that in the bifurcation order I entered on November 16, 2001, I stayed discovery "as to *Monell* type claims." My characterization was in error but that error has not affected plaintiffs' rights in any way.